IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RICCIO,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | NO. 07-3855 |
| | : | (06-CR-702-2) |
| **TROY LEVI, WARDEN, et al.,** | : | |
| Respondents | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                October 16, 2007

On June 11, 2007, John Riccio was convicted on all counts of a five-count federal indictment, after a jury trial for various drug possession and distribution charges. On September 17, 2007, I denied Riccio's renewed motion for judgment of acquittal. See United States v. Riccio, 2007 U.S. Dist. LEXIS 68809 (E.D. Pa. Sept. 17, 2007). He is currently incarcerated at the Philadelphia Federal Detention Center awaiting sentencing.

Although counseled during these proceedings, Riccio has recently filed a *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, seeking an "Order to inquire into the legality of the petitioner's detention."[1] For the following reasons, I will summarily dismiss this petition.

*Habeas corpus* petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides in pertinent part: "If it plainly appears from the

---

[1] My staff has notified Riccio's counsel of this petition.

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Both 28 U.S.C. § 2255 and 28 U.S.C. § 2241 confer *habeas* jurisdiction to hear petitions of federal prisoners.  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence, or the court's jurisdiction must be brought in a § 2255 motion.  See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Where a federal prisoner challenges the execution, rather than the validity, of his sentence, § 2241 is the only statute which confers *habeas* jurisdiction to hear the petition and is in fact expressly limited to such challenges.  Coady, 251 F.3d at 485 (indicating that denial of parole is an example of sentence execution that falls within the scope of § 2241).  Where a petitioner challenges the effect of events subsequent to his sentence on that sentence, § 2241 provides an appropriate remedy; however, where he challenges the effects of events at or before sentencing, he must file a petition pursuant to § 2255 for relief.  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Riccio claims that he is being held in continuous unlawful detention because he "was unlawfully arrested and personally seized by State actors on November 20, 2006 under a pretext of legal process, to wit: a 'WARRANT FOR ARREST' for one 'JOHN

MILLER.'"  He adds that he "was personally and unlawfully defrauded while having his name impermissibly affixed to said pretext of legal process, by [Assistant United States Attorney] Gallagher, through an amendment of the caption of a substantively defective arrest warrant for one 'JOHN MILLER' in violation of the Constitution and Laws of the United States."  This petition clearly challenges events which occurred before Riccio's conviction, and of course, before his sentencing which has yet to take place.  Thus, an application for writ of *habeas corpus* pursuant to § 2241 is not the appropriate avenue for relief.[2]

However, where a petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention" he may be able to use § 2241 to raise challenges otherwise excluded from its scope.  United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  In the Third Circuit, such inadequacy or ineffectiveness is present only where the petitioner establishes that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.  Id. at 648.  Moreover, it is the "inefficacy of the remedy, not a personal inability to utilize it, that is determinative."  Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

---

[2] Furthermore, a federal prisoner ordinarily must exhaust his administrative remedies before petitioning for a writ of *habeas corpus* pursuant to § 2241.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").  Riccio has not included in his petition an explanation of how or when this was accomplished.

Riccio has not shown and cannot show that his remedy by way of a § 2255 motion would be inadequate or ineffective to test the legality of his detention. He is awaiting sentencing. He still would have the ability to raise claims on direct appeal after sentencing. And, when his judgment of conviction becomes final, he may seek collateral review by way of a § 2255 petition. See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999) (under § 2255, a motion must be filed within one year of "the date on which the judgment of conviction becomes final").

Accordingly, I find that § 2241 relief is not an available remedial device under the circumstances of this case. I will summarily dismiss it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RICCIO,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | NO. 07-3855 |
| | : | (06-CR-702-2) |
| **TROY LEVI, WARDEN, et al.,** | : | |
| Respondents | : | |

## O R D E R

**AND NOW,** this   16th   day of October, 2007, upon consideration of the petitioner's *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, IT IS HEREBY ORDERED that the petition is SUMMARILY DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk of Court is directed to notify the petitioner of this dismissal, and to mark this case closed for statistical purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.