IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICCIO, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | NO. 07-3855 |
| | : |     (06-cr-702-2) |
| TROY LEVI, WARDEN, et al., | : | |
|     Respondents | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                            **December 5, 2007**

On June 11, 2007, John Riccio was convicted on all counts of a five-count federal indictment, after a jury trial for various drug possession and distribution charges. On September 17, 2007, I denied Riccio's renewed motion for judgment of acquittal. See United States v. Riccio, 2007 U.S. Dist. LEXIS 68809 (E.D. Pa. Sept. 17, 2007). He is currently incarcerated at the Philadelphia Federal Detention Center awaiting sentencing.

On October 16, 2007, I summarily dismissed Riccio's pro se habeas corpus petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Riccio improperly filed a § 2241 petition challenging his federal conviction before his sentencing.[1] Because Riccio's petition improperly challenged a

---

[1] Both 28 U.S.C. § 2255 and 28 U.S.C. § 2241 confer habeas jurisdiction to hear petitions of federal prisoners. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). § 2241 habeas jurisdiction, however, is expressly limited to challenges to the execution of a sentence, rather than its validity. Id. Where a petitioner challenges the effect of events subsequent to his sentence, § 2241 provides the appropriate remedy; however, where, as here, a prisoner challenges the effects of events at or before sentencing, he must file a petition pursuant to § 2255 for relief,

federal conviction under § 2241, I dismissed the petition for lack of jurisdiction. See Riccio v. Levi, 2007 U.S. Dist. LEXIS 76986 (E.D. Pa. Oct. 16, 2007).

Riccio appealed to the Third Circuit, which issued an Order on November 8th, 2007, remanding the matter to the District Court to make a ruling under Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253 as to whether a certificate of appealability should issue. I have determined that a certificate of appealability should not issue in this case, and, as required under Rule 22(b), state the reasons for this decision below.

Rule 22(b) provides, in pertinent part, that "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996) (discussing the standard for issuing a certificate of appealability in the

---

after exhausting other remedies such as direct appeals and administrative remedies. See Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241"). Riccio's § 2241 petition clearly challenges events which occurred before his conviction, and before his sentencing, which has yet to take place. A habeas corpus petition pursuant to § 2241 is therefore not the appropriate avenue for relief, and the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Third Circuit).  In this instance, the applicant has failed to make any showing of a constitutional violation.  His § 2241 petition was filed prior to his sentencing, and is thus not the appropriate avenue for relief.  No denial of a constitutional right has occurred where the proper avenues for relief remain open to the petitioner.  See Riccio v. Levi, 2007 U.S. Dist. LEXIS 76986, at *4-5 (discussing other forms of habeas relief available).

Simply stated, Mr. Riccio has certain complaints about the validity of his criminal conviction.  He is, at the moment, awaiting sentencing.  Once the sentence is imposed, Mr. Riccio can raise any claim of error at trial, any constitutional claim, or any challenge to his sentence in his direct appeal.  If the results of his direct appeal are not to his liking and he exhausts his direct appeal rights, he can then raise his claims of constitutional violations in a petition for habeas corpus.  There is absolutely no showing of a constitutional violation on the face of this § 2241 petition.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RICCIO,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 07-3855 |
| | : | (06-cr-702-2) |
| **TROY LEVI, WARDEN, et al.,** | : | |
| Respondents | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this 5th day of December, 2007, in accordance with the Third Circuit's Order of November 8, 2007, remanding this matter to the District Court for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue (Document #7), it is hereby **ORDERED** that a certificate of appealability should not issue under 28 U.S.C. Section 2253 for the reasons discussed in the accompanying memorandum.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.